IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JANIS SHUMWAY, | ) |
| | ) Case No. 1:21-cv-01059-STA-jay |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| NEIL HOSPITALITY INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT AND
DENYING MOTION TO DISMISS AS MOOT**

Before the Court is Plaintiff's Motion for Leave to Amend Complaint filed by Plaintiff, Janis Shumway. (ECF No. 13.) Plaintiff seeks the Court's leave to amend her Complaint to address purported deficiencies alleged in Defendant's Motion to Dismiss (ECF No. 12.) Defendant has not filed a response with the Court, although Plaintiff advises in her Motion that Defendant is opposed to it without specifying the nature of their opposition. The deadline to file a response in opposition has passed. For the foregoing reasons, Plaintiff's Motion is **GRANTED**.

This matter comes before the Court on Plaintiff's claim against Defendant under the Americans with Disabilities Act, 42 U.S.C. § 12181 (ADA). Plaintiff is a resident of Tennessee who qualifies as an individual with disabilities as defined by the ADA. She is a self-described advocate for the rights of disabled persons and a "tester" for purposes of ensuring that places of public accommodation and their websites are in compliance with the ADA. Defendant owns a "place of public accommodation" under the ADA, Camden Inn, a hotel located in Camden, Tennessee. Plaintiff alleges that Defendant is failing to comply with Department of Justice

regulations promulgated pursuant to the ADA pertaining to ensuring the ability of prospective patrons to reserve accessible guest rooms and to review accessibility features of places of public accommodation through third party websites. The regulation states in relevant part:

> A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

28 C.F.R. § 36.302(e)(1).

Here, Plaintiff alleges that she visited third party websites to review and assess the accessible features of Defendant's property and to evaluate whether they met her accessibility needs. However, Plaintiff was apparently unable to do so because Defendant did not make information about accessibility available through third party booking websites like Expedia.com, Orbitz.com, and Cheaptickets.com as purportedly required by the above-referenced regulation.

In amending her Complaint, Plaintiff seeks to address Defendant's argument that her originally filed Complaint should be dismissed for lack of standing for failure to demonstrate that Plaintiff suffered an injury-in-fact. Def's Mot. Diss. at 4. Specifically, Defendant argues that Plaintiff cannot claim a real and immediate threat of future injury because she does not allege in

her Complaint that she has ever travelled to Camden, Tennessee or that she has any plans to do so in the future, requiring her to have hotel accommodations in the area. *Id*. To cure this alleged deficiency, Plaintiff requests to amend her Complaint to include the assertion that she reviewed the referenced booking websites for the purpose of ascertaining whether she could stay at the Camden Inn during a trip to the area of Camden, Tennessee that she plans to take in July of 2022.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend their pleadings only with the opposing party's written consent or the court's leave and "that leave to amend shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

> In the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. the leave sought should, as the rules require, be "freely given."

*Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, Defendant has indicated, through Plaintiff, that it does not consent to Plaintiff's motion to amend her Complaint. However, without specifying the nature of the opposition, the Court declines to speculatively address arguments on Defendant's behalf and treats Plaintiff's arguments as conceded. Under Rule 15(a)'s liberal standard for amending the pleadings, the Court finds good cause to grant Plaintiff's motion to amend. The Court has no evidence to attribute an improper reason to Plaintiff's motion such as undue delay, bad faith, or other dilatory motive. This is Plaintiff's first motion to amend her Complaint, filed within a mere two months of her filing the original Complaint. Further, the Court finds that Defendant will not be unduly prejudiced by the amendment as this case is in the very early stages of litigation; Defendant has yet to file an Answer to Plaintiff's Complaint, discovery has not commenced, and a scheduling order has not been entered in this case. The proposed amendment is, furthermore, not futile because it would survive

a hypothetical motion to dismiss. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *See Bell Atlantic Corp., supra,* at 555 – 556, 127 S.Ct. 1955 (citing *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). At this stage in the litigation, the Court must accept as true that Plaintiff intends to visit the area of Camden, Tennessee in July of 2022. Her short and plain statement to that effect meets the liberal pleading requirements for the pleadings-stage. Therefore, for the above reasons and in accordance with the established principle that the purpose of pleading is to facilitate a proper decision on the merits, Plaintiff's Motion to amend the Complaint is **GRANTED**. Plaintiff shall have three days from the date of this order to file an Amended Complaint. Plaintiff's Amended Complaint supersedes the original Complaint; consequently, Defendant's Motion to Dismiss the original Complaint (ECF No. 12.) is **DENIED as moot**.

    **IT IS SO ORDERED**.

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: July 8, 2021